IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

VIRGINIA LEE TROSPER, Trustee of )
Virginia Lee Trosper Revocable Trust, and )
SAB ONE, INC., )
  )
      Plaintiffs, )
vs. ) NO. CIV-14-1088-HE
  )
THE TRAVELERS INDEMNITY )
COMPANY OF CONNECTICUT, *et al.*, )
  )
      Defendants. )

# ORDER

Plaintiffs Virginia Lee Trosper, Trustee of Virginia Lee Trosper Revocable Trust, and SAB One, Inc. filed this action in state court against their insurer, Travelers Indemnity Company of Connecticut ("Travelers"), an adjuster, Michael Kuck and the insurance agency, Metzler Bros Insurance ("Metzler Bros") from which they purchased a commercial building insurance policy. They asserted various claims based on alleged damage to their commercial property that occurred during a hail storm in April 2013. Defendants Kuck and Travelers removed the action on the basis of diversity jurisdiction and filed a partial motion to dismiss. Plaintiffs and defendants then stipulated to the dismissal of plaintiffs' claims against defendants Kuck and Metzler Bros Insurance without prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii),[1] leaving plaintiffs' claims against Travelers.

When considering whether a plaintiff's claims should be dismissed under

---

[1] Metzler Bros Insurance apparently was never served. .

Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The petition must, though, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Shields, 744 F.3d at 640 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). As explained by the Tenth Circuit, the new Twombly/Iqbal pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated it will not do." Id. at 640-41 (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir.2012)).

Plaintiffs asserts a breach of contract claim, a bad faith tort claim, a breach of fiduciary duty claim, claims based on violations of the Oklahoma Consumer Protections Act and a claim breached on the common law duty of good faith and fair dealing against Travelers. The crux of the lawsuit is that Travelers allegedly "fail[ed] to pay Plaintiffs all benefits owed." Doc. #1-5, ¶20. In its motion Travelers does not challenge plaintiffs' first two causes of action, its breach of contract or its bad faith tort claims.

Travelers first seeks to have plaintiffs' request for punitive damages stricken from their breach of contract claim. This aspect of defendant's motion will be denied, as the nature or extent of relief available is not an issue raised by a 12(b)(6) motion. The prayer for relief is not part of the cause of action. *See* Fed.R.Civ.P. 54(c) (With the exception of default judgments, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.").

In their response plaintiffs did not address Travelers' argument about punitive damages. What they did raise was a flimsy challenge to the court's subject matter jurisdiction. They assert that Travelers may not rely solely on their (plaintiffs') request for punitive damages to demonstrate their claims satisfy the jurisdictional minimum. However, defendants did not depend on allegations in the petition[2] as the basis for establishing the amount in controversy requirement for removal.[3] Rather, they relied on the amount included in a June 19, 2014, demand letter plaintiffs sent Travelers, plus the policy declarations showing the amount of coverage on the subject property. *See* Doc. #1-2, 3. The insurance coverage on the property was $825,465.00 and plaintiffs state in

---

[2] Because this action was filed in state court, the first pleading was a petition.

[3] Defendants noted in the Notice of Removal the plaintiffs failed to comply with 12 Okla. Stat. § 2008, which would have clarified whether they were seeking damages "in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code." *Id.* The court notes that plaintiffs also failed to comply with the state statute in the petition filed in at least two other removed actions: <u>A & B Stores, Inc. v.Emp'rs Mut. Cas. Co.</u>, No. 14-1228-HE (W.D.Okla. filed Nov. 7, 2014); <u>K2 Groceries, Inc. v. Emp'rs Mut. Cas. Co.</u>, No. 14-1235-HE (W.D.Okla. filed Nov. 7, 2014). Plaintiffs' counsel is cautioned that continued noncompliance with the state statute in cases subject to removal might be viewed as an improper attempt to avoid federal jurisdiction which would warrant disciplinary action.

3

the letter that their general contractor's estimate to fully repair the damage to their property was $310,089.64. That amount is well over the $75,000 jurisdictional minimum. Defendant's have met their burden of establishing the jurisdictional amount. Plaintiffs' unsupported statement in their brief is insufficient to challenge Travelers' showing that subject matter jurisdiction exists.

Travelers next seeks to have plaintiffs' breach of fiduciary claim dismissed on the ground that Oklahoma court have refused to impose such a duty on insurance companies. Plaintiffs do not cite any Oklahoma cases holding that an insurer owes a fiduciary duty to its insured, much less a company issuing a commercial building policy to a corporation. They also have not pled <u>facts</u> demonstrating that a basis exists for imposing a fiduciary duty on Travelers. While they assert in their brief that they "relied upon Defendant's knowledge and experience in providing insurance," Doc. #10, p. 5, what they essentially pleaded in their petition is that defendant did not pay them all the benefits they claim are owed. *See, e.g.,* Doc. #1-5, ¶¶ 20, 25, 29. *See* <u>Cosper v. Farmers Ins. Co.</u>, 309 P.3d 147, 150 (rejecting insureds' breach of fiduciary duty claim against their insurer, citing <u>Swickey v. Silvey Cos.</u>, 979 P.2d 266, 269 (Okla.Civ.App. 1999) where "the court held an insureds' relationship with their insurer was at arms' length and they did not stand in any recognized form of 'special relationship'"). Plaintiffs' breach of fiduciary duty claim will be dismissed.

Travelers contends that plaintiffs' claim under the Oklahoma Consumer Protection Act ("OCPA"), 15 Okla. Stat. §§ 751-764.1, should be dismissed because Travelers'

4

activities are regulated by the Insurance Commissioner and hence exempt from the OCPA. It relies on the exemption found at 15 Okla. Stat. § 754(2), which provides that the OCPA does not apply to:

> Actions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state . . . .

*Id.* Travelers asserts that "[t]he sale of property insurance and the adjustment of insurance claims such as occurred here plainly fall within the regulations of the Oklahoma Insurance Code and/or the purview of the Oklahoma Insurance Commissioner." Doc. #8, p. 21. Plaintiff responds that just being regulated is not enough, the specific actions of which they complain – "engaging in unconscionable conduct by accepting insurance premiums but refusing to pay benefits due and owing without a reasonable basis; offering products that provide illusory coverage; offering replacement cost coverage and then not explaining the two step process" – must be regulated for the exemption to apply. Doc. #10, p. 7.

The petition did not, though refer to "illusory coverage' or to Traveler's failure to explain a "two step process." What plaintiffs did plead was that Travelers "fail[ed] to pay Plaintiffs all benefits owed" and "fail[ed] to conduct a fair and objective investigation of the damage to Plaintiffs' property." Doc. #1-5, ¶¶ 20, 25(g).[4] This type of conduct clearly falls within the regulatory authority of the Insurance Commissioner under the

---

[4]*The court is limited in its Rule 12(b)(6) analysis to what is pleaded in the petition. It cannot consider assertions in the parties' briefs.*

Unfair Claims Settlement Practices Act ("UCSPA"), 36 Okla. Stat. § 1250.1, *et seq.* The Commissioner is authorized to enforce the UCSPA, which prohibits insurers from "[k]nowingly misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue," [f]ailing to adopt and implement reasonable standards for prompt investigations of claims arising under its insurance policies or insurance contracts" and "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear." 36 Okla. Stat. 1250.5(2) - (4).[5]

The petition does includes some other claims – boilerplate, consumer-related language in the seventh cause of action , *e.g.*,

> Defendants have violated the Oklahoma Consumer Protection Act in the manners including, but not limited to, the following:
> (1) Representing that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;
> (2) Failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;
> (3) Engaging in an unconscionable course of conduct.

Doc. #1-5, ¶89. However, such conclusory statements, unsupported by any facts, are insufficient to state a claim. Further, even if plaintiffs had more specifically pleaded some type of misrepresentation or deceptive practice, it appears entirely likely that the

---

[5]*Such acts constitute an unfair claim settlement practice if "committed flagrantly and in conscious disregard" of the Unfair Claims Settlement Practices Act or any rules promulgated under it or "committed with such frequency as to indicate a general business practice to engage in that type of conduct." 36 Okla. Stat. § 1250.3.*

alleged conduct would still fall within the scope of the OCPA exemption. The Oklahoma Insurance Code gives the Insurance Commissioner broad investigatory power to determine whether any person engaged in the insurance business in the State has been involved in any unfair method of competition or unfair or deceptive act or practice, which includes making misrepresentations and disseminating false information. *See* 36 Okla. Stat. §§1203,1204(1),(2),1205. The Commissioner can issue a cease and desist order to anyone whose method of competition, act or practice violates Article 12 of the Insurance Code. 12 Okla. Stat. § 1207.

An insured injured by an insurer's deceptive act or unfair claims settlement practice cannot sue under Article 12 or the UCSPA to recover for his or her loss. However, the exemption under OCPA is not contingent on the availability of a private right action under the conflicting regulatory scheme. Plaintiffs' claim against Travelers' under the Oklahoma Consumer Protection Act falls within the exemption set forth in §754(2) and will therefore be dismissed.

Finally, Travelers asks the court to consolidate plaintiffs' eighth cause of action, which asserts "breach of common law duty of good faith and fair dealing," with their second cause of action, which is based on defendant's alleged breach of the implied covenant of good faith and fair dealing. Plaintiffs do not respond to the argument, but instead contend that they are entitled to pursue their bad faith tort claim. To the extent there is a distinction between their tort and their common law bad faith claims, plaintiffs have confessed that aspect of Travelers' motion, which will be granted. LCvR7.1(g).

Plaintiff's eighth cause of action will be dismissed, leaving their second, bad faith tort cause of action intact.

As the parties' previously stipulated to the dismissal of defendants Michael Kuck and Metzler Bros Insurance, the motion to dismiss [Doc. #8] filed by defendants Michael Kuck and Travelers is **MOOT** in **PART**. Plaintiffs' Fourth (negligent procurement), Fifth (constructive fraud and negligent misrepresentation) and Sixth (negligent underwriting) causes of actions pertained to the dismissed defendants and those claims are dismissed without prejudice. Travelers' motion is **DENIED** as to its request to have plaintiffs' prayer for punitive damages stricken from their breach of contract claim.[6] In all remaining respects Travelers' motion to dismiss is **GRANTED**. Plaintiffs' third (breach of fiduciary duty), seventh (violations of the Oklahoma Consumer Protection Act) and eighth (breach of common law duty of good faith and fair dealing) claims are dismissed with prejudice. Plaintiffs' First (breach of contract) and Second (bad faith/breach of the covenant of good faith and fair dealing) claims remain for further proceedings.

**IT IS SO ORDERED**.

Dated this 26th day of November, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[6]*That does not, of course, mean plaintiffs can recover punitive damages if they prevail on their breach of contract claim.*